TY ERIK LOPES T-58072
MULE CREEK STATE PRISON
P.O. BOX 409020
IONE, CA 95640



**FILED**

JUN - 8 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TY ERIK LOPES T-58072
(Name of Plaintiff)
MULE CREEK STATE PRISON
(Address of Plaintiff)
P.O. BOX 409020, Ione, CA 95640

vs.

1. SAN JOAQUIN COUNTY HUMAN

SERVICES AGENCY

2. CHRISTOPHER J. MASSOD, Inc.
(Names of Defendants)

2:07-CV-1102 LEW KJM PC
(Case Number)

(EVIDENTIARY HEARING REQUESTED)

COMPLAINT

COMPLAINTANT HAS BEEN ILLEGALLY
RESTRAINED FROM PERSONS
WITHOUT NOTICE AND A TIMELY
OPPORTUNITY TO BE HEARD AS
PROVIDED BY LAW

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:  ☐ Yes  ☒ No

   B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

     1. Parties to this previous lawsuit:

       Plaintiff _____

       Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983                                  Rev'd 5/99

3

2. Court (if Federal Court, give name of District; if State Court, give name of County)

   _____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

   _____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?   ☐ Yes   ☒ No

   B. Have you filed a grievance concerning the facts relating to this complaint?

   ☒ Yes   ☐ No

   If your answer is no, explain why not **(please see IV. on next page)**
   _____

   C. Is the grievance process completed?   ☒ Yes   ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant **LAURA LYMAN** is employed as **"SOCIAL WORKER"** at **SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY. P.O. BOX 201056  102 SAN JOAQUIN ST., STOCKTON, CA 95201**

B. Additional defendants **CHRISTOPHER J. MASSOD, Inc. is employed as "ATTORNEY AT LAW" at "A PROFESSIONAL LAW CORPORATION," 343 E. MAIN ST., STOCKTON, CA 95202**

**(UNDER THE COLOR OF STATE LAW I AM SUING EACH OF THE STATED INDIVIDUALS ABOVE IN THEIR INDIVIDUAL CAPACITIES)**

4

IV. Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

**The defendants have illegally restricted** me from having contact or non-contact visits with minor children. Specifically, I have been restricted from visiting my biological grandchildren, Dominik and Aaliah Villanueva. On May 12, 2006, a "restraining order" was filed against my grandchildrens' father. (See Restraing order attached to MOTION TO CLARIFY STIPULATION ORDER, submitted as a seperate memorandum to this lawsuit) The restraining order contains a "STIPULATION OF THE PARTIES" and the last sentence in #5 of the stipulation reads; "No party to this agreement will allow visitation

(Continued on next page)

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. I request that the defendent's be ordered to tell my dear mother the TRUTH—that there is no legal order that prevents me from having full contact visits with my grandchildren or any minor children.
2. I request that the defendent's each be ordered to pay me $50.00 for each day beginning from May 12, 2006, until my mother is told the TRUTH. I have suffered horrific mental anguish and continue to suffer. I love my grandbabies and I have done nothing to deserve having them taken away from me. (See PENDING habeas corpus, case # 2:06-cv-MCE DAD P).
3. I also ask that the defendents be ordered to pay for this lawsuit.

Signed this 5th day of June, 20 07.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

June 5, 2007

_____   _____
(Date)                                (Signature of Plaintiff)

5

between the minors and the maternal grandfather in prison." The word, "visitation" clearly means actual allotted visitation. I am NOT a party to this action and I have never asked for any visitation to be granted to me. Therefore, the last sentence in #5 of the "Stipulation of the Parties" attached to the restraining order is surplussage. Furthermore, the defendent's have interpolated the last sentence in #5 of the stipulation to mean that I cannot have any visits with my grandchildren and the defendent's have deceived and threatened my mother, Norne Lopes into believing that she cannot bring my grandchildren to the prison to visit me, even if she wants to. (My mother, Norne Lopes does have physical custody of both minors) In effect, the defendent's have restrained me from having any physical contact with my grandchildren without any just cause and without any notice and a timely opportunity to be heard as required by law. (Compare 18 U.S.C. § 2265 (1994)(VAWA) )

Although I am an inmate in state prison I have NOT been convicted of a crime on a minor. The "Director" of the California Department of Corrections has already found that I do not fall under Penal Code Section 1202.05 and I have long since been granted to have full contact visits with minor children.

I have previously filed a MOTION TO CLARIFY STIPULATION ORDER with the appropriate court and the order on my motion was filed on November 15, 2006. The court failed to clarify the FACTS as I had asked but did not dispute the facts as I had presented them in my motion. (The motion is attached to the restraining order already discussed and is submitted as a seperate memorandum to this lawsuit)

The defendent's have maliciously restrained me from being visited by my grandchildren by threatening my mother, Norne Lopes into believing an order that does not even exist.

(Continued on next page)

(6)

I haven't seen my grandbabies since May/2006 and although I have waited patiently for this issue to resolve itself, IT IS NOT!

I respectfully request the relief sought on page #5.


Respectfully Submitted,