1

2

3

4

5

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11   TY LOPES,

12            Plaintiff,              No. CIV S-07-1102 LEW KJM P

13       vs.

14   SAN JOAQUIN COUNTY
     HUMAN SERVICES AGENCY,
15   et al.,

16            Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

17   _____/

18            Plaintiff is a state prison inmate proceeding with a civil rights action under 42

19   U.S.C. § 1983.  He has submitted an affidavit requesting leave to proceed in forma pauperis

20   pursuant to 28 U.S.C. § 1915(a)(1).  This proceeding was referred to this court by Local Rule

21   72-302 pursuant to 28 U.S.C. § 636(b)(1).

22   /////

23   /////

24   /////

25   /////

26   /////

The in forma pauperis statute permits federal district courts to

> authorize the commencement, prosecution or
> defense of any suit, action or proceeding, civil or
> criminal . . . without prepayment of fees or security
> therefor, by a person who submits an affidavit that
> includes a statement of all assets such prisoner
> possesses that the person is unable to pay such fees
> or give security therefor. Such affidavit shall state
> the nature of the action . . . and affiant's belief that
> the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  A court may deny leave to proceed in forma pauperis if it appears from the face of the proposed complaint that the action is frivolous.  <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113 (9th Cir. 1998).  The Ninth Circuit has held that an action is frivolous if it lacks arguable substance in law and fact.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court's determination of whether a complaint or claim is frivolous is based on "'an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'"  <u>Id</u>. at 1227 (citations omitted).

Plaintiff alleges that his daughter will not bring her children, his grandchildren, to visit him in prison because of an order entered by the juvenile court, so he seeks an order directing the defendants–the San Joaquin County Human Services Agency, a social worker from that agency, and a lawyer–to tell his daughter that they may bring the children for a visit, as well as damages.   The attachments to the complaint show that plaintiff's grandson, Dominik Villaneuva, was made a ward of the juvenile court and that the court entered an order that applies to both Dominik and Aaliah Villaneuva and reads in part:

> No party to this agreement will allow visitation between the
> minors and the maternal grandfather in prison.

Complaint, Attachment at 7.

/////

/////

1          In <u>Miller v. State of California</u>, 355 F.3d 1172, 1176 (9th Cir. 2004), the Ninth

2  Circuit held:

3              [W]e see no basis for holding that the [plaintiffs] had a substantive
              due process right to visit their grandchildren when those children

4              were dependents of the court, and CPS and the children's
              biological mother agreed that visitation should cease.

5

6          Plaintiff's own pleadings show that Dominik is a dependent of the court and that

7  their mother stipulated to the order plaintiff now challenges.   Accordingly, he has not shown

8  there is a legal basis of constitutional dimension to this action.

9          IT IS HEREBY RECOMMENDED that plaintiff's request to proceed in forma

10  pauperis be denied and the action be dismissed.

11          These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

13  days after being served with these findings and recommendations, plaintiff may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

16  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

17  F.2d 1153 (9th Cir. 1991).

18  DATED:  November 6, 2007.

19                               _____

20                          U.S. MAGISTRATE JUDGE

21

22

23  2

24  lope1102.56(6-8)

25

26