TY ERIK LOPES #T58072
MULE CREEK STATE PRISON
P.O. box 409020
IONE, CA 95640

**FILED**

NOV 14 2007


CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TY LOPES,<br>　　　　　Plaintiff,<br>vs.<br>SAN JOAQUIN COUNTY<br>HUMAN SERVICES AGENCY,<br>ET AL.,<br>　　　　　Defendent's, | (EVIDENTIARY HEARING REQUESTED)<br><br>No. CIV S-07-1102 LEW KJM P<br><br>OBJECTION TO MAGISTRATE<br>JUDGES FINDINGS AND<br>RECOMMENDATIONS |

　　　I, TY ERIK LOPES, plaintiff, respectfully OBJECT to the Magistrate Judges Findings And Recommendations that were filed in this court on November 6,2007. In support of my OBJECTIONS I provide the following factual information.

1.　　The Magistrate has completely misunderstood the facts of my lawsuit. The Magistrate states that I have alleged that my daughter will not bring her children, my grandchildren, to the prison to visit me "BECAUSE OF AN ORDER ENTERED BY THE JUVENILE COURT." (P. 2:15,16) That is completely inaccurate. My daughter lost physical custody of her children long before I filed my lawsuit in this court on June 8,2007. Furthermore, there has never been an order by the Juvenile Court that would have prevented my daughter from bringing her children to visit me even when she had custody of her children.

(1)

2. The attachment to my complaint contains a "Stipulation Of The Parties" in which the Juvenile Court granted my mother allotted visitation and also denies me visitation. (Complaint, Attachment at 7) I HAVE NEVER PETITIONED ANY COURT FOR VISITATION! Therefore, the last sentence in #5 of the Stipulation Of The Parties is totally surplussage. Moreover, the entire Stipulation is outdated in light of the fact that my daughter, Mandi Lopes, lost custody of both of her children JUST DAYS AFTER THE STIPULATION WAS MADE! Too, I wouldn't even think of attempting to force my daughter into bringing her children all the way here to the prison to visit me nor would I attempt the same with my mother. How unloving that would be.

3. The Magistrate completely misunderstood my complaint. My complaint is that the context of the OUTDATED STIPULATION with regard to the word "visitation" therein, is clearly referring to <u>ACTUAL ALLOTTED VISITATION!</u> I allege that the defendent's, not the Juvenile Court, have deceived my MOTHER by their own de novo interpretation of the word "visitation" and they have tricked my MOTHER (who has been granted physical custody of both children by the court) into falsely believing that I have been restrained from my grandchildren. Nothing could be farther from the truth! My mother desperately wants to bring my grandbabies to visit me. (Norne Lopes, 209 823-5339) But she won't because she's been lied to and even threatened by the defendent's into believing that if she brings the children to the prison to visit me the children will be taken away from her by CPS immediately.

4. When my mother was granted physical custody of both of my grandchildren the Juvenile Court DID NOT exercise any of its limited discresion by imposing any limitations on Norne Lopes' control over the children. (Artical 10, Section 361(a) Welfare And Institutions Code, Juvenile Law) Furthermore, the Juvenile Court is required by the same Section of the Code to "clearly and specifically" by its

(2)

order, set forth all such limitations. There is absolutely nothing that prevents my mother from bringing my grandbabies to the prison to visit me, except for the FACT that the defendent's have decided to hold their own court and they have lied to my mother, and have deceived her into believing that there will be severe reprisals if my grandbabies are brought to the prison to visit me. The defendent's should be prosecuted to the fullest extent that Federal Criminal Law will allow. (U.S.C. TITLE 18, SECTION 241 & 242 U.S.C. 42, SECTION 1982, 1983, 1985 and 1986) The defendent's have conspired to deprive me of my privilege secured to me by the Constitution or Laws of the United States. The defendent's have restrained me from my grandbabies without any good cause and without any timely notice and an opportunity to be heard as required by U.S. Law. (18 U.S.C. § 2265 (1994)(VAWA)) And the defendent's have done all of this without any court's knowledge.

5. My mother can bring my grandbabies to visit me. I respectfully submit that the Magistrate Judges Findings and Recommendations are in error. My daughter nor my mother would ever deliberately take my grandbaies away from me. They both know that <u>I AM TOTALLY INNOCENT AND AM ILLEGALLY IMPRISSONED!</u> (See Pending habeas petition, Answer and Traverse, No. 2:06-cv-1657 MCE DAD P) I request that I be permitted to proceed with my lawsuit and that I be appointed an attorney to assist me. I am not asking for "visitation rights." I am asking that my <u>MOTHER</u> be told the truth. The case cited by the Magistrate is not relevent to any arguement in my complaint. I'm arguing that my mother, not my daughter, can bring my grandchildren to visit me <u>IF SHE WANTS TO!</u>

Dated: November 12, 2007

Respectfully submitted,

*Ty Lopes*
Ty Lopes (Plaintiff)

(3)